UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-389-FDW
3:03-cr-220-FDW-4

| | |
|---|---|
| RONNIE EARL KNOX, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as untimely.

## I. BACKGROUND

On March 15, 2005, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Eight). The Honorable Richard L. Vorhees sentenced Petitioner to concurrent terms of 168 months for conviction of Counts One and Eight. (3:05-cr-220, Doc. No. 99: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from his conviction or sentence and his judgment became final on or about March 28, 2005.

On June 22, 2012, Petitioner filed the present Section 2255 motion contending he is entitled to be resentenced based on the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner contends that he no longer qualifies as a career

1

offender because the convictions noticed by the Government in its Information filed under 21 U.S.C. § 851 no longer qualify as felony convictions.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner makes plain that he is aware that his Section 2255 motion was filed long after his judgment became final, however, he contends that his motion is nevertheless timely because it was filed within one year of the date the Court filed their decision in Simmons. (3:12-cv-389, Doc. No. 1 at 12).[1]

Petitioner asserts that he is entitled to relief under Simmons because the Court has changed the way that prior felony convictions are to be considered, as is pertinent here, in determining whether a defendant qualifies as a career offender. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner argues that his prior convictions which were noticed by the Government do not

---

[1] Petitioner cannot demonstrate that he is entitled to equitable tolling in an effort to excuse the late filing of his petition. In order to be entitled to equitable tolling show Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Where, as here, Petitioner presents a meritless claim the application of equitable tolling clearly cannot apply because he has no right to collateral relief.

support the finding that he qualified as a career offender. Presumably, Petitioner believes that he did not receive a sentence that was greater than one year. This is simply a misapprehension of his prior convictions and resulting sentence. In order to qualify as a career offender, the Court must find that (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A review of Petitioner's presentence report ("PSR") shows the following controlled substance offenses for which *Petitioner* was actually sentenced to a term of imprisonment exceeding one year: (1) felony possession of cocaine in 1993, for which he was sentenced to an active term of 5-years imprisonment; (2) sell and deliver cocaine, in 1993 for which he was sentenced to 5-years imprisonment (this sentence was consolidated with the previous conviction but the offense dates were September 9, 1992, and August 14, 1993, respectively); and (3) conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base in 1995, for which Petitioner received an active term of 51-months imprisonment. (3:05-cr-220, Doc. No. 338: PSR ¶¶ 42-44). Based on the evidence of convictions contained in Petitioner's PSR, his arguments in this Section 2255 motion are completely unfounded and erroneous.

## IV. CONCLUSION

Petitioner has failed to demonstrate that he has a meritorious claim and therefore he has failed to show that he could benefit from the equitable tolling of the one-year statute of limitation. Petitioner's Section 2255 will therefore be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner Section 2255 is **DISMISSED** as untimely. (Doc. No.1).

4

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 26, 2012

Frank D. Whitney
United States District Judge

5